IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVI LANCASTER,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY REHBERGER, SR., JEFFREY REHBERGER, JR., LETIZIA LOWE, CODY LOWE, LACEY'S PLACE LLC, and LUCKY LINCOLN GAMING, INC.,<br><br>    Defendants. | Case No. 3:25-CV-1366-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Levi Lancaster ("Lancaster") initiated this action against Defendants Jeffrey Rehberger, Sr. ("Rehberger, Sr."), Jeffrey Rehberger, Jr. ("Rehberger, Jr."), Letizia Lowe, Cody Lowe, Lacey's Place LLC ("Lacey's Place"), and Lucky Lincoln Gaming, Inc., on July 14, 2025. (Doc. 1). He asserts several employment-related claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and pendent state law claims. (*Id.*).

Now pending before the Court are (1) a motion to dismiss the complaint for insufficient service of process (Doc. 76), and (2) a motion to vacate the entry of default (Doc. 83), both filed by Lacey's Place.

### BACKGROUND

This case has gotten off to a slow start because Lancaster has had some difficulty serving certain defendants, including Lacey's Place. On August 5, 2025, the Court issued a summons to Lacey's Place. (Doc. 15, p. 5). On August 25, 2025, Lancaster filed an

executed summons, purportedly confirming service on Lacey's Place. (Doc. 21). On September 15, 2025, Attorney Scott B. Dolezal entered his appearance in the case on behalf of Lacey's Place and filed a motion to quash service and dismiss the case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[1] (Docs. 25, 26). The motion asserted that Lancaster had attempted to serve Lacey's Place by leaving a copy of the summons and the complaint with one of its hourly employees who was not authorized to receive service on the company's behalf. (Doc. 26). Thus, Lacey's Place argued that Lancaster had failed to properly serve it under Federal Rule of Civil Procedure 4(h). (*Id.*). Lacey's Place also offered the affidavit of its president, Joshua Trahan, which identified Jeffrey L. Rehberger as its registered agent for service of process and provided an address to complete service. (*Id.*, p. 5). On September 16, 2025, the Court denied Lacey's Place's motion to dismiss without prejudice and encouraged Lancaster to complete service by October 12, 2025, based on the information Lacey's Place had offered in its motion. (Doc. 28). The Court later granted Lancaster an extension to complete service on all defendants by November 11, 2025. (Doc. 38).

On October 22, 2025, Lancaster filed a motion to effect alternate service on Rehberger, Jr. (Doc. 43). On October 27, 2025, he filed a similar motion for alternate service as to Rehberger, Sr. and Cody Lowe. (Doc. 49). The Court granted both motions on October 22 and 28, 2025, respectively, but limited its orders to only those named defendants. (Docs. 47, 50). Lancaster filed notices of proof of service as to Lowe,

---

[1] Attorney Dolezal also represents Defendants Jeffrey Rehberger, Sr., Letizia Lowe, and Cody Lowe.

Rehberger, Sr. and Rehberger, Jr. on October 31, November 3, and November 19, 2025, respectively. (Docs. 54, 55, 57).

On November 25, 2025, Lancaster filed an amended complaint against all defendants. (Doc. 67). On December 30, 2025, with no answer or responsive pleading from Lacey's Place having been filed, Lancaster moved for entry of default against it. (Doc. 75). That same day, Lacey's Place renewed its motion to dismiss the action on the basis of improper service. (Doc. 76). The Clerk of Court entered default against Lacey's Place on January 6, 2026 (Doc. 80), and Lacey's Place filed its motion to vacate the default the next day. (Doc. 83).

Lacey's Place's motions to dismiss and to vacate default raise interrelated issues concerning Lancaster's inability to complete service. Accordingly, the Court addresses both motions in this Order, beginning with the motion to dismiss.

### DISCUSSION

1. **Motion to Dismiss for Insufficient Service of Process**

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Rule 4(m) requires a plaintiff to serve these documents on each defendant within 90 days of filing a complaint or risk dismissal of the action against an unserved defendant. FED. R. CIV. P. 4(m). "These service requirements provide notice to parties, encourage parties and their counsel to diligently pursue their cases, and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas*, 646 F.3d at 1004 (internal citations omitted). It is the plaintiff's burden to demonstrate

compliance with these requirements, and "[a] defendant may enforce [them] through a pretrial motion to dismiss" under Rule 12(b)(5). *Id.* If a court determines that a plaintiff has failed to meet his burden, it may do one of two things: (1) dismiss the action against an unserved defendant without prejudice; or (2) order the plaintiff to complete service within a specified time. FED. R. CIV. P. 4(m).

Lancaster is a *pro se* litigant who has diligently attempted to serve the six defendants in this case. That said, Lacey's Place appears to be correct that he has yet to properly serve it. Lancaster attempted to do so on August 5, 2025, when his process server left a copy of the summons and the complaint with an hourly employee. That was not enough to complete service. *See Garner v. Bumble, Inc.*, No. 3:21-cv-50457, 2023 WL 6065481, at *3-4 (N.D. Ill. Sept. 18, 2023) (holding that under Rule 4 and Illinois law, even a corporate director "does not count as an 'agent' or 'officer' for service of process.").

Lacey's Place informed Lancaster and the Court that "Jeffrey L. Rehberger" (it is unclear whether this name refers to Rehberger, Sr. or Rehberger, Jr.) is its registered agent for service of process. Although Lancaster has apparently served Rehberger, Sr. and Rehberger, Jr. *personally* (Docs. 55, 57), he has yet to properly serve Lacey's Place. This much is clear from Lancaster's motions to effect service by alternate means—they only mentioned Rehberger, Jr., Rehberger, Sr., and Cody Lowe. (Docs. 43, 49). And, although the Court permitted Lancaster to serve these individuals by alternate means (Docs. 47, 50), it granted no such permission with respect to Lacey's Place. Lancaster then served those defendants, filing notices of proof of service as to Lowe on October 31, Rehberger, Sr. on November 3, and Rehberger, Jr. on November 19, 2025. (Docs 54, 55, & 57). To the

extent that Lancaster was under the impression that serving Rehberger, Sr. (or Rehberger, Jr.) personally also satisfied his service obligations with respect to Lacey's Place, he is mistaken. *See Luxottica Grp. S.p.A v. The Partnerships and Uninc. Assoc's. Identified on Sched. A*, 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019) ("*Every defendant* must be served with a copy of the complaint and summons in accordance with Rule 4.") (emphasis added).

Lancaster also contends that he served Lacey's Place via the CM/ECF system when he filed his amended complaint because Attorney Dolezal had entered his appearance on behalf of Lacey's Place and thus would have received notice of it. But this is not enough to effect service. "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (internal citation omitted); *accord Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process.").

So, where does this all leave Lancaster's claims against Lacey's Place? At this point, more than 90 days have passed since Lancaster initiated this lawsuit. The Court is thus required to either dismiss the action against Lacey's Place without prejudice or order Lancaster to complete service within a certain period of time. Considering Lancaster's diligent efforts to effect service, Lacey's Place's attorney's appearance and participation in the case, and the minimal prejudice to Lacey's Place (if any) caused by the delay in

service, the Court finds it appropriate to grant Lancaster another chance to serve Lacey's Place in compliance with Rule 4. *See Scherer v. Opportunities Indus. Ctr. of Greater Milwaukee*, No. 05-C-261, 2006 WL 2375522, at *5 (E.D. Wis. Aug. 15, 2006) (granting *pro se* plaintiff additional time to serve defendant where defendant was likely already aware of action against it and "there is no apparent harm to the defendant's ability to defend the action as a consequence of the delay in service.").

Lancaster has **30 days** from the date of this Order to complete service on Lacey's Place. His failure to do so may result in the dismissal of Lacey's Place without prejudice under Rule 4(m).

2. **Motion to Vacate Default**

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have an entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of Univ. of IL*, 473 F.3d 799, 810 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good cause for judicial action, even [if] there is no good excuse for the defendant's inattention to the case."). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, whereas relief under Rule 60(b) is more "limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

While the Seventh Circuit no longer disfavors default judgments, it should not be

"a ready response to all litigant misbehavior." *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995)). Instead, district courts should examine whether the defaulting party "exhibited a willful refusal to litigate the case properly," the "proportionality of the sanction" to the conduct, and the "choice of a default judgment over other available sanctions." *Id.* (citations omitted).

Here, Lacey's Place has demonstrated that the entry of default should be set aside under Rule 55(c). First, Lacey's Place filed its motion to dismiss for insufficient service of process on the same day as Lancaster moved for entry of default. It did so, presumably, to preserve its available defenses, even though it had not been served. Far from ignoring the litigation, Lacey's Place was taking active steps to defend the case. This demonstrates "good cause" for vacating the default. Second, Lacey's Place has acted diligently to preserve its right to proper service under Rule 4. After Lancaster attempted to complete service by leaving a copy of the complaint and summons with an hourly employee on August 25, 2025 (Doc. 21), Lacey's Place quickly moved to quash service and dismiss the complaint under Rule 12(b)(5). (Doc. 26). Then, on December 30, 2025, the same day Lancaster moved for default against it for failure to answer or otherwise respond to his amended complaint, Lacey's Place renewed its motion under Rule 12(b)(5). (Doc. 76). And, after the Clerk of Court entered default against Lacey's Place (Doc. 80), it moved to vacate the default one day later. (Doc. 83). The Court is thus satisfied that Lacey's place has taken quick action to correct the default, even though the default was seemingly entered prematurely to begin with. Finally, the lack of an *asserted* meritorious defense does not mean Lacey's Place does not have one. The cart was placed before the horse

when Lancaster obtained a default before properly serving Lacey's Place. Thus, the third requirement to vacate a default under Rule 55(c) is met here. *See Sun*, 473 F.3d at 811 (default judgment "is a weapon of last resort, appropriate only when a party wilfully [*sic*] disregards pending litigation.").

## CONCLUSION

The Motion to Quash Service and Dismiss the Case for Insufficient Service of Process (Doc. 76) filed by Lacey's Place is **DENIED**. Lancaster is **DIRECTED** to effect service upon Lacey's Place in accordance with Federal Rule of Civil Procedure 4 on or before **February 12, 2026**.

Separately, because Lacey's Place has fulfilled the requirements of Rule 55(c), the Court finds that the entry of default should be **VACATED**. Accordingly, Lacey's Place's Motion to Set Aside Default (Doc. 83) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  January 12, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**